Green, J.,
delivered the opinion of the court.
This is action of debt against Stroud, the maker and Harris the endorsor of a promissory note for $130.
To the declaration, the defendants plead a former recovery for the same cause of action. This plea alleges that, “ On the 19th of January, 1842, in the county of Coffee and State *275 aforesaid, the said Stephen Clark, whom the said plaintiff pretends he is the lawful administrator of, impleaded this defendant, Wm. W. Harris, before one Jesse Gatcher, Esq., of said county of Coffee, who gave judgment against said defendant for the full amount of the same, which said judgment was af-terwards by said defendant Harris, fully paid off and dis • charged by the sale of his said land, which said judgment and satisfaction, these defendants plead in bar of this action, which they are ready to verify,” &c. Replication and issue.
In support of this plea, the defendants introduced and read on the trial the record of a judgment of the circuit court of Coffee county, in the case of Stephen Clark vs. Wm. W. Harris, condemning a tract of land which had been levied on by a constable by virtue of an execution founded on a judgment in favor of said Clark, against said Harris, rendered the 19th January, 1842, by Jesse Gatcher, a justice of the peace for Coffee county.
The defendants then introduced Jesse Gatcher, and proved by him that he is the justice mentioned in said record and that the note read by the plaintiff is the same note upon which witness rendered said judgment.
The court instructed the jury, substantially, that if Clark sued Harris before Gatcher, a justice of the peace, on the identical note declared on in this action and recovered a judgment for $140, such recovery would be a good defence to this action; for though a justice had no jurisdiction against an endorser for more than fifty dollars, yet as the judgment does not show on its face that it was rendered against Harris as endorser, the plaintiff cannot insist on its invalidity in this suit.
The jury found for the defendant, and the plaintiff appeals to this court.
The question is, whether his Honor instructed the jury cor *276 rectly, upon the authority of the case of Witt vs. Russy, (10 Hum. R. 208,) and we think he did not.
That was a case where a party sought to have an execution quashed, by proving on the trial of that motion, that it was founded on a judgment which was rendered against him as endorser. The court said, that such proof was inadmissible; that if the instrument offered in evidence before the justice was of such character as to create a liability, of which the justice had no jurisdiction, the defendant, by an appeal, would be able to resist it, when the case should come on for trial in the circuit court; but that he could not attack it in that collateral way.
We think this case depends upon an entirely different principle. Here the defendant pleads a former recovery, and he offered to prove by a witness, that such recovery was had upon the endorsement of the note now sued on, and was obtained before a justice of the peace.
Now, such a defence is inadmissible, because the cause of action proved by the defendant, is of a character, of which, for such an amount, the justice had no jurisdiction, and on which he could not have rendered a valid judgment.
If the plea of a former recovery, and the proof to support it, show a case in which the court rendering the judgment had no jurisdiction, the defence is not made out. In such case, it is not the plaintiff attacking the judgment in a collateral way. He proves nothing in respect to the judgment, but when the defendant sets up the judgment, and proves the cause of action in which it was rendered — he presents a case in defence which cannot avail him, because, upon his own facts, the judgment is void, and the question is directly made upon the defendant’s proof.
Reverse the judgment and remand the cause for another trial.